UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| ELISA MCDONOUGH, | |
| Plaintiff, | |
| v. | C.A. NO. 02-11171REK |
| ORACLE CORPORATION, | |
| Defendant | |

### ANSWER OF DEFENDANT ORACLE CORPORATION

Defendant Oracle Corporation ("Oracle") hereby answers the Complaint of Plaintiff Elisa McDonough. All allegations not specifically admitted should be deemed denied.

#### Introduction

1. Oracle neither admits nor denies the allegations of paragraph 1 of the Complaint, as they are merely descriptive of the claims asserted by Plaintiff. Oracle denies that Plaintiff is entitled to any relief or has stated an actionable claim.

2. Oracle admits that Plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination on or about September 10, 2001. Oracle neither admits nor denies the remaining allegations of paragraph 2 of the Complaint, as they call for a legal conclusion.

#### Parties

3. Oracle admits that Plaintiff is an individual, but has insufficient knowledge or information upon which to admit or deny the remaining allegations of paragraph 3 of the Complaint.



4.	Oracle admits that it has an office in Waltham, Middlesex County, Massachusetts, but denies that it represents a principal place of business.

## Facts

5.	Oracle admits that Plaintiff was employed by Oracle as a recruiter commencing on or about May 26, 1998.

6.	Oracle denies the allegations of paragraph 6 of the Complaint. Further answering, Oracle states that the term "qualified," as used in Plaintiff's Complaint, is unduly vague and ambiguous.

7.	Oracle admits that Plaintiff worked in the Oracle Recruiting Organization, which consisted of a team of recruiters who recruited Sales, Consulting, Development, and Support personnel. Oracle further admits that John Nolitt, Vice President, Human Resources, heads the Oracle Recruiting Organization. Oracle denies the remaining allegations of paragraph 7 of the Complaint.

8.	Oracle admits that Plaintiff's territories and responsibilities changed at various times during her employment. Oracle denies the remaining allegations of paragraph 8 of the Complaint.

9.	Oracle admits that Plaintiff met or exceeded certain goals at certain times during her employment and was recognized for doing so, that her compensation package included participation in Oracle's bonus program, and that, as with other recruiters, her workload fluctuated such that at various times during her employment she may have carried in excess of 50 openings. Oracle denies the remaining allegations of paragraph 9 of the Complaint.

10. Oracle admits that, at some point in 2001, Plaintiff informed Ms. Holcombe that she was approximately six months pregnant. Oracle denies the remaining allegations of paragraph 10 of the Complaint.

11. Oracle admits that, on or around March 19, 2001, Mr. Nolitt and Ms. Holcombe informed their team of recruiters during a conference call that a hiring freeze had been imposed at Oracle and that there would likely be a reduction-in-force in the Recruiting Organization, but denies that paragraph 11 of the Complaint accurately reflects what was said during the call.

12. Oracle admits that, on or around March 22, 2001, Ms. Holcombe notified Plaintiff that her position was being eliminated effective March 28, 2001, but denies that paragraph 12 of the Complaint accurately reflects what was said during this conversation. Oracle has insufficient knowledge or information upon which to admit or deny Plaintiff's allegations concerning the state of her pregnancy.

13. Oracle, admits that, on or around March 22, 2001, Mr. Nolitt and Plaintiff spoke over the telephone. Oracle denies that paragraph 13 of the Complaint accurately reflects what was said during the call.

14. Oracle denies the allegations of paragraph 14 of the Complaint.

15. Oracle admits that Plaintiff and Wendy Scroby were pregnant and were included in the reduction-in-force. Oracle denies the remaining allegations of paragraph 15 of the Complaint.

16. Oracle admits that, in or about March 2001, seven of its eight temporary recruiting positions were eliminated, and that Ms. Holcombe and Mr. Nolitt did not discuss with Plaintiff confidential information regarding the circumstances of the position eliminations. Oracle denies the remaining allegations of paragraph 16 of the Complaint.

17.   Oracle admits that Ms. Holcombe and Mr. Nolitt did not offer placement assistance services to employees selected for inclusion in the Recruiting Organization reduction-in-force. Oracle denies the remaining allegations of paragraph 17 of the Complaint.

18.   Oracle admits that certain recruiters not included in the March reduction-in-force had commenced employment with Oracle after Plaintiff, and that Plaintiff met or exceeded certain goals at certain times during her employment and was recognized for doing so. Oracle denies the remaining allegations of paragraph 18 of the Complaint.

19.   Oracle admits that Plaintiff wrote to Oracle on or around May 23, 2001, and that such correspondence speaks for itself. Oracle further admits that it responded on or around July 2, 2001, and that such correspondence speaks for itself. Oracle denies the remaining allegations of paragraph 19 of the Complaint.

20.   Oracle admits that Plaintiff's territory included the North and South Central States and CRM Sales, and that Mr. Henkel and Ms. Covington commenced employment at Oracle after Plaintiff. Oracle denies the remaining allegations of paragraph 20 of the Complaint.

21.   Oracle denies that Plaintiff's termination was discriminatory. Oracle denies that any alleged harm suffered by Plaintiff was caused by wrongful conduct on the part of Oracle. Oracle has insufficient knowledge or information upon which to admit or deny the remaining allegations of paragraph 21 of the Complaint.

### Count One
### Employment Discrimination – Gender and Pregnancy
### G.L. c. 151B, § 4

22.   Oracle reasserts and incorporates by reference herein its answers to Paragraphs 1 through 21 of the Complaint.

23.   Oracle denies the allegations of Paragraph 23 of the Complaint.

### Count Two
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e

24. Oracle reasserts and incorporates by reference herein its answers to Paragraphs 1 through 23 of the Complaint.

25. Oracle denies the allegations of Paragraph 25 of the Complaint

### Count Three
### Massachusetts Maternity Leave Act
### G.L. c. 149, § 105D

26. Oracle reasserts and incorporates by reference herein its answers to Paragraphs 1 through 25 of the Complaint.

27. Oracle denies the allegations of Paragraph 27 of the Complaint.

### Count Four
### Family Medical Leave Act
### 29 U.S.C. § 2611 et seq.

28. Oracle reasserts and incorporates by reference herein its answers to Paragraphs 1 through 27 of the Complaint.

29. Oracle denies the allegations of Paragraph 29 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed to the extent it alleges conduct falling outside the six-month limitation period.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's employment was terminated for legitimate, non-discriminatory reasons having nothing to do with any anticipated leave of absence or maternity leave.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to exemplary, punitive, or liquidated damages because, among other things, any alleged discrimination would have been contrary to Oracle's good faith efforts to comply with applicable law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to lodge a timely internal complaint of discrimination or to otherwise avail herself of opportunities within Oracle to address her allegations of discrimination.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy the statutory prerequisites to a claim under the Massachusetts Maternity Leave Act.

WHEREFORE, Oracle denies that Plaintiff is entitled to any relief and asserts that the Complaint should be dismissed with prejudice.

Respectfully submitted,

ORACLE CORPORATION

*/s/ James J. Rooney*

James J. Rooney (BBO# 628946)
Kurt Bratten (BBO# 644730)
Lucash, Gesmer & Updegrove, LLP
40 Broad Street
Boston, Massachusetts  02109
(617) 350-6800

Date: June 18, 2002